WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cecil O'Berry, *et al.*, | No. CV-21-02199-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| American Strategic Insurance, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiffs, Cecil and Joanne O'Berry's Motion to Remand (Doc. 12), to which Defendant American Strategic Insurance ("ASI") filed a Response (Doc. 15), and Plaintiffs filed a Reply (Doc. 20). Also at issue is Defendant ASI's Motion to Transfer to Southern District of Florida (Doc. 18), to which Plaintiffs have filed a Response (Doc. 23), and Defendant filed a Reply (Doc. 24). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will deny Plaintiffs' Motion to Remand, and grant Defendant's Motion to Transfer.

**I.    BACKGROUND**

Plaintiffs owned a home in Islamorada, Florida. (Doc. 8 ¶ 3.) Their property was insured by ASI, a Write-Your-Own insurance carrier that is a fiscal agent of the United States under 42 U.S.C. § 4071. (Doc. 1 at 1.) ASI participates in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"). (Doc. 1 at 1.) In 1968, "Congress established the NFIA to provide insurance coverage at

or below actuarial rates" because it was "uneconomical for private insurance companies to provide flood insurance with reasonable terms and conditions to those in flood prone areas." *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The NFIP is operated by the Federal Emergency Management Agency ("FEMA") and is supported by the federal treasury. *Id.* The terms and conditions of all federal flood insurance policies are fixed by FEMA and are issued as a Standard Flood Insurance Policy ("SFIP"). *Id.*

Plaintiffs had such a policy, issued by ASI, for their Florida property. (Doc. 15 at 1-2; Doc. 1-3 Ex. A.) In September 2017, their property was damaged by a flood. (Doc. 12 at 2.) ASI made out a check to both Plaintiffs and Caliber Home Loans, Inc. ("Caliber") for $120,587.18. (Doc. 1-3 Ex. A.) ASI added Caliber to the check to meet its obligations under Plaintiffs' flood insurance policy because it required all appropriate payees to be included on the indemnity payment. (Doc. 10 ¶ 18.) Plaintiffs allege that Caliber should not have been included on the check as a payee. (Doc. 12 at 3.) While Plaintiffs acknowledge Caliber had a lien on the property during the flood, they assert the lien was paid in full before ASI funded the settlement. (Doc. 12 at 2.) Plaintiffs did not cash the check. (Doc. 1-3 ¶ 16.)

Plaintiffs originally filed this action in Maricopa County Superior Court, (Doc. 1 ¶ 1) claiming ASI and Caliber breached their contractual obligations (Doc. 1-3 at 11-12, 15-16), and ASI violated the covenant of good faith and fair dealing (Doc. 1-3 at 12-15). Plaintiffs sought declaratory judgment against both Defendants. (Doc. 1-3 at 16-18.) They also seek $120,587.18 in compensatory damages, $1,000,000 in exemplary and punitive damages, and attorneys' fees. (Doc. 1 ¶ 32.) Defendants removed this action under 28 U.S.C. §§ 1331, 1332, 1367, and 42 U.S.C. § 4072. (Doc. 1 ¶ 2.) Plaintiffs moved to remand (Doc. 12), asserting federal subject matter jurisdiction does not exist. (Doc. 12 at 2.) ASI, however, asserts that federal subject matter jurisdiction can be satisfied based on diversity jurisdiction alone, and also observes that federal question jurisdiction exists. (Doc. 15 at 3-15.) Additionally, ASI moves to transfer the action against them to the Southern District of Florida, citing improper venue pursuant to 28 U.S.C. § 1406. (Doc. 18.)

## II. LEGAL STANDARD

### A. SUBJECT MATTER JURISDICTION

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court commands that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

### B. VENUE

Under 28 U.S.C § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) requires such transfer, however, "only in cases where it is in 'the interest of justice.'" *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Transferring rather than dismissing a complaint serves the interest of justice when it protects the plaintiff from being penalized by "time-consuming and justice-defeating technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quoting *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1995)). The district court possesses discretion to either dismiss the case or transfer it. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992); *see, e.g., Coleman v. Crisp*, 444 F. Supp. 31, 33 (W.D. Okl. 1977) ("Whenever an action could not have been properly brought in a district and no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it, it should be dismissed.").

## III. ANALYSIS

### A. SUBJECT MATTER JURISDICTION

In their Motion to Remand, Plaintiffs allege the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). (Doc. 12 at 4.) The Court disagrees.

Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Plaintiffs are residents and citizens of Arizona. (Doc. 12 at 4.) Defendant ASI is incorporated and has its principal place of business in Florida. (Doc. 1 ¶ 31.) Thus, ASI is a citizen of Florida for the purposes of diversity. Co-defendant Caliber is incorporated in Delaware and has its principal place of business in Texas. (Doc. 1 ¶ 31.) Since the amount in controversy exceeds $75,000–Plaintiffs seek $120,587.18 in compensatory damages and $1,000,000 in exemplary and punitive damages (Doc. 1-3 at 12, 14, 16)–diversity jurisdiction is satisfied.

Plaintiffs contend, however, that there is no diversity jurisdiction for Defendant ASI because Section 1332(c)(1) provides "a specific exception to the general rules of diversity," which applies here. (Doc. 12 at 4.) Section 1332(c)(1) states as follows:

> A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in *any direct action against the insurer of a policy* or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
> **(A)** every State and foreign state of which the insured is a citizen…

28 U.S.C. § 1332(c)(1) (emphasis added).[1] Plaintiffs point to the "direct action against the insurer of a policy" language to assert they filed a "direct action" against ASI (Doc. 12

---

[1] Direct action states allow the plaintiff to sue the tortfeasor's insurer without joining the insured tortfeasor in their tort action. *Walker v. Firemans Fund Ins. Co.*, 260 F. Supp. 95,

at 4), the insurer of their flood insurance policy for their Florida property. (Doc. 1-3 Ex. A.) Plaintiffs argue that because of this, the Court cannot assert diversity jurisdiction since § 1332(c)(1)(A) would make ASI a citizen of Arizona, defeating diversity. (Doc. 12 at 4.)

Plaintiffs' reliance on 28 U.S.C. § 1332(c)(1) is misplaced. Courts have routinely defined "direct action" to apply to cases in which a party suffering injuries or damage caused by another, who is legally responsible, can sue the other's liability insurer without joining the insured or first obtaining a judgment against them. *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982). Here, Plaintiffs misapply the "direct action" language because their claims are not against ASI as the liability insurer of a potential party which is liable to them. Accordingly, diversity jurisdiction is established on the face of the Plaintiffs' Complaint. (Doc. 15 at 4.) The Court thus need not address federal question jurisdiction.

**B.  VENUE**

Defendant ASI moves to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1406 (Doc. 18 at 1), asserting the District of Arizona is an improper venue. (Doc. 18 at 2-3.) The crux of Defendant's argument is that NFIP matters filed elsewhere are routinely transferred to the district court where the insured property is located pursuant to 42 U.S.C. § 4072. (Doc. 18 at 5-7.) The Defendant did not cite to any Ninth Circuit case law relying on § 4072 to address improper venue for NFIP disputes, nor was the Court able to find any Ninth Circuit precedent suggesting as much in its own research. Defendant instead cited to cases from courts in the Fifth Circuit that provide helpful guidance. (Doc 8 at 5-6.)

Section 4072 states as follows:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, *may* institute an action against the Administrator on such claim *in the United States district court for the district in which the insured property* or the major part thereof shall have been situated.

---

96 (D. Mont. 1966). Legislative history indicates that Congress deliberately accompanied the word "action" with "direct" because they wanted to limit the excessive volume of diversity cases in direct action states. *Id.*

- 5 -

42 U.S.C. § 4072 (emphasis added). The Eastern District of Louisiana has explained that the venue provision of § 4072 is not permissive, and that placing venue in the district where the insured property is located is "no less permissive than the requirement that the claim be filed in a district court of the United States." *Deland v. Wright Flood Ins. Co.*, No. CV 18-5200, 2018 WL 3872128, at *1 (E.D. La. Aug. 10, 2018). Legislative history of the NFIA indicates that Congress intended for NFIP actions be brought to the United States district court for which the insured property or the major portion of it was situated. *Brumfield v. Nat'l Flood Ins. Program*, 492 F. Supp. 1043, 1045-46 (M.D. La. 1980). (Doc. 18 at 6.) Defendants contend that § 4072 mandates this NFIP dispute be transferred to the Southern District of Florida (Doc. 18 at 8), which is where the insured property is located. (Doc. 18 at 3.)

Furthermore, Defendants assert that venue is codified in the Plaintiffs' SFIP under 44 C.F.R., Pt. 61, App. A(1), Art. VII(R) (Doc. 18 at 8):

> If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and *you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss*. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R., Pt. 61, App. A(1), Art. VII(R) (emphasis added). Here, because the NFIP SFIP is governed by federal law, Plaintiffs must strictly comply with the terms and conditions of the federal insurance policy and the rules set by FEMA. *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000). (Doc. 15 at 2.) This means that Plaintiffs must have filed their lawsuit in the United States District Court of the district in which their Islamorada property was located. Both 42 U.S.C. § 4072 and 44 C.F.R., Pt. 61, App. A(1), Art. VII(R) dictate that the proper venue for the present dispute is the Southern District of Florida. (Doc. 18 at 7-9.)

Because venue was improper in the District of Arizona, the Court possesses the discretion to either dismiss the case or transfer it to the district in which it could have been brought pursuant to 28 U.S.C. § 1406(a). Although Plaintiffs assert it would be financially

burdensome to litigate in Florida (Doc. 23 at 3-4), they ignore the fact that they chose to avail themselves of a Florida venue when they insured their Florida property with a NFIP SFIP. Moreover, Plaintiffs also ignore 44 C.F.R. Pt. 61, App. A(1), Art. IX of their SFIP, which expressly states "all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1967, as amended (42 U.S.C. § 4001, et. Seq.), and Federal common law." Transfer to the Southern District of Florida is the appropriate result.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion to Remand. (Doc 12.)

**IT IS FURTHER ORDERED** granting Defendants' Motion to Transfer to the Southern District of Florida. (Doc 18.)

**IT IS FURTHER ORDERED** directing the clerk of court to transfer this action to the Southern District of Florida as soon as practicable and close this matter.

Dated this 7th day of July, 2022.

Honorable John J. Tuchi
United States District Judge